206      219
f219      ¹357

# Richmond's Estate.

*Will—Probate—Issue devisavit vel non—Testamentary capacity—Undue*
*influence.*

Where the physician who attended the testator and the attorney who
drew his will, both of whom had known the testator well, testify to his
entire testamentary capacity, and it appears that he continued in the trans-
action of his regular business until two days before making the will, a
case is established which can only be overcome by clear, definite, circum-
stantial and weighty evidence of facts not reconcilable with the possession
of testamentary capacity.

The opinion of an expert with no personal knowledge of the testator,
and which is given on a hypothetical case based on disputed facts, is of
no weight on an issue devisavit vel non.

Argued March 16, 1903. Appeal, No. 93, Jan. T., 1902, by
Frank C. Richmond, from decree of O. C. Lycoming Co., dis-
missing appeal from register of wills in estate of W. D. Rich-
mond, deceased. Before MITCHELL, DEAN, FELL, BROWN
and POTTER, JJ. Affirmed.

Appeal from register of wills admitting will to probate.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*T. M. B. Hicks*, for appellant.

*Seth T. McCormick*, for appellee.

PER CURIAM, May 18, 1903 :

The testimony of the physician who had known the tes-
tator for twenty-five years, and who attended him in his last
illness up to and including the making of the will, and that of
the attorney who had also been his counsel previously and who
drew the will in testator's presence, from instructions given
him in person while the two were alone together, show con-
vincingly that the testator was in full possession of his men-
tal faculties and was exercising them under his own volition.

In addition to this the undisputed evidence is that the tes-
tator continued in the transaction of his regular business until
two days before the making of his will.

A case so established can only be overcome by clear, defi-nite, circumstantial and weighty evidence of facts not recon-cilable with the possession of testamentary capacity. There is no such evidence in this case. The testimony on the part of contestant is mostly as to trifling peculiarities of action, such as increasing irritability, not answering questions (a not uncommon habit of silent and reserved men), and what some of the witnesses thought was a lack of attention to what he was doing. One expert of apparently high professional standing gave an adverse opinion as to testamentary capacity, but it was rendered worthless by the fact that he had no personal ac-quaintance with the testator, and the hypothetical case put to him was based largely on facts which were disputed.

The beneficiary was not in the house when the will was made, and it was shown affirmatively that he knew nothing of it or its provisions. He was the testator's business associate if not partner, and testator, who was a bachelor with no relatives in the city, had gone to his house on the suggestion of the doctor.

On the whole case no court could have permitted a verdict against the will to stand.

Decree affirmed at the costs of the appellant.